UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:19-CR-337-BR

UNITED STATES OF AMERICA

v.

MARK DANIEL BENAVIDEZ

ORDER

This matter is before the court on the government's motion for entry of a preliminary order of forfeiture regarding a Samsung Galaxy J7 cellular phone. (DE # 70.)

In March 2021, defendant pled guilty to interstate travel for prostitution and, as part of his plea, agreed to forfeit the property specified in the superseding indictment, including the subject cellular phone. (Pl. Agreement, DE # 46, at 2; see also Sup. Ind., DE # 18, at 5.) Several months ago, defendant's presentence report was filed. It noted that no action had been taken regarding forfeiture. (PSR, DE # 59, at 11.) On the eve of sentencing, the government filed the instant motion. At sentencing, the motion was not brought to the attention of the court. The court orally announced defendant's sentence—without reference to forfeiture—and has entered judgment accordingly.

Pursuant to Federal Rule of Criminal Procedure 32.2(b), "as soon as practical" after a defendant pleads guilty to an offense "regarding which criminal forfeiture is sought," the court must determine what property is subject to forfeiture and "promptly enter a preliminary of forfeiture." "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant . . . ." Fed. R. Crim. P. 32.2(b)(2)(B). Then at sentencing, "[t]he court must include the forfeiture when orally announcing the sentence or

must otherwise ensure that the defendant knows of the forfeiture at sentencing." Id. 32.2(b)(4)(B).

Because none of these procedures were complied with, the court DENIES the government's motion.

This 18 October 2021.

_____
W. Earl Britt
Senior U.S. District Judge