IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:19-CR-00337-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARK DANIEL BENAVIDEZ,

    Defendant.

ORDER

This matter comes before the court on the United States' Motion to Authorize Payment from Inmate Trust Account [DE 88]. For the following reasons, the motion is granted.

On October 15, 2021, Defendant was sentenced by Senior United States District Judge W. Earl Britt to 120 months of imprisonment for transporting an individual in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2421(a). DE 18. As part of the judgment, Defendant was ordered to pay $32,800.00 in restitution pursuant to 18 U.S.C. § 3663A. *Id.* at 7. Restitution was ordered "due and payable in full immediately." *Id.* at 8. In the event Defendant could not pay that amount in full, Judge Britt permitted him to pay "a minimum payment of $25 per quarter" through the Inmate Financial Responsibility Program ("IFRP") while he was in custody and $50 per month once he was released. *Id.*

On June 4, 2026, Defendant was released from federal custody. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 29, 2026). The next day, the United States filed the present motion, advising that Defendant had had an outstanding restitution balance of $32.191.07 and an inmate trust account balance of $9,025.21. DE 88 at 2. It sought an order pursuant to 18 U.S.C. §§ 3613(a) and 3664(n) authorizing the Bureau of Prisons

to turn over to the Clerk of Court "all funds except for $200.00" held in Defendant's inmate trust account as payment toward the restitution balance. *Id.* at 1.

Under 18 U.S.C. § 3613(a), the United States may enforce a restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." The statute also specifies that a restitution order constitutes "a lien in favor of the United States on all property and rights to property of the person fined[.]" § 3613(c). "Thus, the Government's lien . . . attach[es] to the Defendant's interest in funds held by the BOP in his inmate trust account." *United States v. Hill*, No. 4:13-CR-28-BR, 2017 WL 2964016, at *1 (E.D.N.C. May 24, 2017), *aff'd* 706 Fed. Appx. 120, 121 (4th Cir. 2017); *see also United States v. Pittman*, No. 1:08-CR-489-1, 2022 WL 1173406, at *3 (M.D.N.C. Apr. 20, 2022) ("There is a consensus among district courts in the Fourth Circuit that 18 U.S.C. § 3613 permit the Government to take funds in an inmate's trust account to satisfy criminal obligations.") (collecting cases).

Moreover, under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, *et seq.*, funds received by a defendant while he is incarcerated "must be applied to his outstanding restitution obligation." *Hill*, 2017 WL 2964016, at *1. Specifically, it provides as follows:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n).

After careful review of the United States' motion, the court finds that an order authorizing the turnover of funds is appropriate. The requested funds are currently "in the Government's possession[,] and the Government has a valid lien over this property." *See Hill*, 2017 WL 2964016, at *2. Moreover, the court ordered that restitution be "due and payable in full immediately." DE 18 at 8. The fact that the judgment permits Defendant to make partial payments toward the

2

restitution balance "does not preclude the government from immediately collecting restitution from non-exempt assets." *See United States v. Blondeau*, No. 5:09-CR-00117-H, 2011 WL 6000499, at *4 (E.D.N.C. Nov. 1, 2011) (citation omitted), *adopted by* 2011 WL 6001281 (E.D.N.C. Nov. 30, 2011).

For these reasons, the motion [DE 88] is GRANTED. The Bureau of Prisons is ORDERED turn over to the Clerk of Court for the United States District Court for the Eastern District of North Carolina all funds except $200.00 held in Mark Daniel Benavidez's (Register No. 66602-056) inmate trust account—up to the current amount of outstanding monetary penalties—as payment for the criminal monetary penalties imposed in this case. The funds should be sent to the following address:

> U.S. District Court
> P.O. Box 25670
> Raleigh, NC 27611

The Clerk of Court shall accept and apply these funds as payment towards the criminal monetary penalties owed by Defendant.

SO ORDERED this ____29th____ day of June, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3